1 | Katessa M. Charles (SBN 146922)
  | Katessa.charles@jacksonlewis.com
2 | Kevin D. Finley (SBN 318193)
  | Kevin.finley@jacksonlewis.com
3 | JACKSON LEWIS P.C.
  | 725 South Figueroa Street, Suite 2500
4 | Los Angeles, California 90017-5408
  | Telephone: (213) 689-0404
5 | Facsimile: (213) 689-0430

6 | Attorneys for Defendant,
  | LG ENERGY SOLUTION MICHIGAN, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE CROSS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LG CHEM MICHIGAN INC., a business entity, form unknown; LG ENERGY SOLUTION MICHIGAN, INC., a Delaware corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | **CASE NO.**<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) DIVERSITY**<br><br>(Filed concurrently with Declaration of Kevin D. Finley and Exhibits Thereto; Declaration of Pam Frink; Notice of Interested Parties; Corporate Disclosure Statement; Notice of No Related Cases and Civil Cover Sheet)<br><br>Complaint Filed:   May 25, 2021 |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that LG ENERGY SOLUTION MICHIGAN, INC. ("Defendant"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and (b) to remove this action from the Superior Court of California for the County of Los Angeles ("Los Angeles County Superior Court") based on diversity

jurisdiction, by providing "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).  Defendant will provide evidence to support the allegations of this pleading as required in response to any challenge to the Court's jurisdiction.  In support thereof, Defendant avers the following:

## SERVICE AND PLEADINGS FILED IN STATE COURT

1. Plaintiff Eugene Cross ("Plaintiff") filed an unverified Complaint against Defendant and LG Chem Michigan, Inc.[1] on May 25, 2021 in the Superior Court of the State of California, County of Los Angeles entitled *Eugene Cross, an individual, Plaintiff, vs. LG Chem Michigan, Inc., a business entity, form unknown; LG Energy Solution Michigan, Inc., a Delaware corporation; and DOES 1 through 50, Inclusive, Defendants*, Case No. 21STCV19764 (the "Complaint").  A true and complete copy of this Complaint, with the Summons, Civil Case Cover Sheet and Proofs of Service are attached to the declaration of Kevin D. Finley in Support of Removal ("Finley Decl.") as **Exhibit "A."**

2. In the Complaint, Plaintiff asserts eleven causes of action: (1) Wrongful Termination in Violation of Public Policy (Government Code § 12940, et seq.); (2) Discrimination Based Upon Disability / Medical Condition in Violation of the Fair Employment and Housing Act ("FEHA") (Government Code §§ 12926, 12940, et seq.); (3) Failure to Accommodate in Violation of the FEHA (Government Code § 12940(k) and (m)); (4) Failure to Engage in the Interactive Process in Violation of the FEHA (Government Code § 12940(k) and (m)); (5) Discrimination Based Upon Age in Violation of the FEHA (Government Code § 12940, et seq.); (6) Retaliation in Violation of the FEHA (Government Code § 12940, et seq.); (7) Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation in Violation of the FEHA; (8) Violation of the Family Medical Leave Act ("FMLA"); (9) Intentional Infliction of Emotional

---

[1] On December 2, 2020, Defendant changed its name from LG Chem Michigan, Inc. The aforementioned entity no longer exists and was erroneously named as a defendant in the instant lawsuit.

| Case No.: | 2 | NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) DIVERSITY |

Distress; (10) Violation of Labor Code § 2810.5; and (11) Unfair Competition in Violation of Business and Professions Code § 17200, et seq.

3. The amount in controversy exceeds $25,000.00, which is the jurisdictional limit for unlimited civil cases in California, and Plaintiff also indicates that he seeks the recovery of attorneys' fees and punitive damages. *See*, Code of Civil Procedure §§ 86,88.

4. On May 26, 2021 Plaintiff personally served Defendant's registered agent for service of process with the Summons and Complaint. [Finley Decl., ¶ 4.]

5. On June 25, 2021, Defendant filed and served its Answer in the Los Angeles County Superior Court.  A true and correct copy of Defendant's Answer is attached as **Exhibit "B"** to Finley Decl., ¶ 5.

6. No other initial pleadings have been filed in state court in this action as of the date of the filing of this Notice of Removal. [Finley Decl., ¶ 6.]

### TIMELINESS OF REMOVAL

7. This Notice of Removal has been filed within thirty (30) days after Defendant was deemed served with a copy of Plaintiff's Complaint. *See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) ("[T]he defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received." This Notice of Removal is therefore filed timely within the period provided by 28. U.S.C. § 1446(b) as Defendant's registered agent for service of process was served with the Summons and Complaint on May 26, 2021.

### NOTICE TO ALL PARTIES AND STATE COURT

8. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on Plaintiff's counsel, and also filed with the Clerk of the Los Angeles County Superior Court.  All procedural requirements for notice under 28 U.S.C. § 1446, therefore, will be followed and satisfied.

Case No.:  3  NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) DIVERSITY

## VENUE IS PROPER

9. Venue of this action lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441, 1446(a) *et seq.*, and 1391(b)(2) because the action was removed from the Superior Court of California for the County of Los Angeles, and the Central District, Western Division, is the judicial district where the state action is pending. Further, the Central District of California is the judicial district in which Plaintiff, upon information and belief, resides and where he alleges the action arose. [**Exhibit "A"** to Finley Decl. (Complaint) at ¶¶ 20-21.]

## BASIS FOR REMOVAL: DIVERISITY JURISDICTION

10. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states. 28 U.S.C. § 1332(a).

## DIVERSITY OF CITIZENSHIP

11. **The Citizenship of the Parties is Diverse.** Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 571 (2004). As shown below, there is complete diversity of citizenship because this is an action between Plaintiff, a citizen of California, on the one hand, and Defendant, a citizen of Delaware and Michigan, on the other hand.

12. **Plaintiff is a Citizen of California.** To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13. Defendant is informed and believes based on his employee records and the allegations in the Complaint, that Plaintiff was, at the time this action commenced, and still is, a resident and citizen of the State of California. [*See* Declaration of Pam Frink, ("Frink Decl.")., ¶ 8.] Further, Defendant is informed and believes and thereon alleges that Plaintiff has the intent to remain in California and is a citizen of California. *See, e.g., Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 885 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (holding that California was the state of domicile for a party with a California residential address). [Finley Decl., **Exhibit A**, Complaint ¶ 20.]

14. **Defendant is a Citizen of Delaware and Michigan.** Defendant is a corporation. A corporate defendant is a citizen of any state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

15. With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control and coordinate the corporation's activities. *Id.*

16. At the time the Complaint was filed in state court, and presently at the time of removal, Defendant has been incorporated in the State of Delaware. [Frink Decl., ¶ 7.]

17. At the time Plaintiff filed the Complaint, as well as the present time, Defendant's corporate headquarters have been located in Michigan where Defendant's high-level officers, including the Chief Executive Officer, Corporate Secretary and the Chief Financial Officer, direct, control, and coordinate its activities. *Id.*

18. Accordingly, Defendant is a citizen of Delaware and Michigan for diversity purposes.

19. **Doe Defendants are Properly Disregarded.** The citizenship of DOE Defendants is disregarded for purpose of removal. 28 U.S.C. § 1441(b)(1). DOES 1 through 50 here are fictitious defendants, are not parties to this action and have not been named or served. They should accordingly be disregarded in determining the court's original jurisdiction over this matter. Thus, there are no other defendants to join in the removal of this action to this Court.

20. As no Defendant is a citizen of California where this action was brought, there is complete diversity allowing removal by Defendant. 28 U.S.C. §§ 1441, *et seq.*; *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).

## AMOUNT IN CONTROVERSY

21. **Defendant Need Only Show By a Preponderance of the Evidence That The Amount in Controversy Exceeds $75,000.** Although the Complaint does not specify the amount of damages being sought, and without conceding Plaintiff is entitled to damages or could recover damages in any amount whatsoever, it reasonably appears from the eleven causes of action in the Complaint that the amount Plaintiff has put in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, exemplary damages, statutory penalties, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

22. Where a plaintiff's complaint is silent as to the amount of damages claimed, the removing defendant need only establish it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996). "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Legal certainty of the amount in controversy is not required. *Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co.*, 728 F.3d 975, 981 (9th Cir. 2013) ("A

defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum.").

23. To meet this relatively low burden of production, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations.") *See also Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (the amount in controversy "can thus be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

24. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, *citing Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, *citing Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.

25. **Compensatory Damages In Controversy Equal At Least $348,992.** Here, Plaintiff seeks damages for "lost earnings and related expenses, as allowed by law, for an amount according to proof at trial." [Finley Decl., Exhibit A, Prayer for Relief, ¶ 4.] Plaintiff commenced employment with Defendant on May 15, 2017 and was terminated

on August 24, 2020. [Frink Decl., ¶ 4.]  At the time of his termination, Plaintiff's annual salary was $131,200. *Id.*

26.   Assuming Plaintiff has not found new employment, Plaintiff puts at least ten (10) months-worth of lost income and benefits in controversy to date.  Assuming this case could go to trial within twelve (12) months, Plaintiff's lost income and benefits would amount to approximately $249,096.00 ($131,200 x 1.83 =$249,096.00).  Given that the median time from filing to trial is twenty-two (22) months in the Central District of California, it is likely that Plaintiff's alleged compensatory damages will exceed this amount. (*See* U.S. District Court Judicial Caseload Profile, California Central District, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2019.pdf,, June 30, 2019.)  Thus, by the time of trial in this case, Plaintiff's lost wages will be approximately $348, 992 ($131,200 per year x 2.66 years=$348,992.).

27.   **Emotional Distress Damages in Controversy Likely Exceed $75,000.** Plaintiff's alleged entitlement to damages for "embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain . . ." alone satisfies the amount in controversy requirement. [*See*, Finley Decl., Exhibit A., ¶ 31.]  While Plaintiff has not quantified the value of these damages, they are likely to be substantial. *Hurd v. Am. Income Life Ins*. 2013 U.S. Dist. LEXIS 147849, at *17 (C.D. Cal. Oct. 10, 2013) ("emotional distress damages in discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum").

28.   Indeed, plaintiffs alleging emotional distress as a result of wrongful termination regularly seek in excess of $75,000 in such damages. *Keiffer v. Bechtel Corp.*, 65 Cal.App.4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000.00 for emotional distress damages); *Silo v. CHW Medical Foundation*, 86 Cal.App.4th 947, 955 (2001) (jury award in excess of $75,000 in non-economic

damages was upheld in wrongful termination lawsuit); *see also Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement").

29. **Punitive Damages In Controversy Likely Exceed $75,000.** Plaintiff claims Defendant engaged in "acts taken toward plaintiff . . .carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants." [Finley Decl., Exhibit A, ¶ 47.] In determining the amount in controversy, district courts evaluate punitive damages in the same manner as emotional distress damages, that is, through comparable jury verdicts. *Meija v. Parker Hannifin Corp.*, 2018 U.S. Dist. LEXIS 13289, at * 10 (C.D. Cal. Jan. 26, 2018).

30. Plaintiff's alleged entitlement to punitive damages, alone, satisfies the jurisdictional requirement. [*See* Finley Decl., Exhibit A Complaint, ¶ 47 and Prayer for Relief.] California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("[b]ecause the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount]").

31. **Attorneys' Fees.** Finally, Plaintiffs' demand for statutory attorneys' fees and costs, alone, surpasses the amount in controversy requirement. [Finley Decl., Exhibit A, Complaint, Prayer for Relief, ¶ 5.] Requests for attorneys' fees must be considered in

calculating the amount in controversy whether or not such an award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the prevailing party in FEHA Actions.

32. California courts have awarded far in excess of $75,000 in attorneys' fees to prevailing plaintiffs in FEHA discrimination cases. See, *e.g.*, *Lave v. Charter Communications, LLC, et al.*, 2017 JV LEXIS 8877 (prevailing plaintiff in disability discrimination case awarded $400,800 in attorneys' fees); *Matkovich v, Costco Wholesale Corporation, et al.*, 2017 Nat. Jury Verdict Review LEXIS 324 (C.D. Cal. September 8, 2017)(prevailing plaintiff in discrimination case awarded $328,000 in attorneys' fees).

33. To assess the amount in controversy, several district courts have determined that 100 hours and an hourly rate of $300 is an appropriate and conservative estimate for attorneys' fees in employment cases. *Avila v. Kiewit Corp.,* 2019 U.S. Dist. LEXIS 167288, at * 15; *Castanon v. Int'l Paper Co.*, 2016 U.S. Dist. LEXIS 17160, at * 14(C.D. Cal. Feb. 11, 2016) (finding the amount in controversy met for removal jurisdiction in part because the "demand for attorneys' fees under FEHA adds at least $30,000 to the amount in controversy" using a calculation of 100 attorney hours at $300 per hour).

34. Thus, Defendant has demonstrated the amount in controversy exceeds $75,000.

## NO ADMISSION

35. Defendant does not concede in any way that the allegations in the Complaint are accurate, nor does it concede that Plaintiff is entitled to any compensatory or statutory damages, civil penalties, punitive damages, attorneys' fees, or any other relief.

## DIVERSITY JURISDICTION IS SATISFIED

36. This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, *et seq.* and 1446(b), because the action is between

Case No.: 10 NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) DIVERSITY

citizens of different states and, based on the facts and contentions set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

For all the foregoing reasons, this Court has original jurisdiction of the Complaint under 28 U.S.C. §§ 1332 and 1441 *et seq.*

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the State of California for the County of Los Angeles be removed to this Court.

Respectfully submitted,

Dated:  June 25, 2021

JACKSON LEWIS P.C.

By: _____
Katessa M. Charles
Kevin D. Finley
Attorneys for Defendant,
LG ENERGY SOLUTION MICHIGAN, INC.