1 | Katessa M. Charles (SBN 146922)
Katessa.charles@jacksonlewis.com
2 | Kevin D. Finley (SBN 318193)
Kevin.finley@jacksonlewis.com
3 | JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
4 | Los Angeles, California 90017-5408
Telephone: (213) 689-0404
5 | Facsimile: (213) 689-0430

6 | Attorneys for Defendant,
LG ENERGY SOLUTION MICHIGAN, INC.

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 | |
| 12 EUGENE CROSS, an individual, | CASE NO. |
| Plaintiff, | **DECLARATION OF KEVIN D. FINLEY IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) (DIVERSITY)** |
| 13 | |
| 14 | |
| vs. | |
| 15 | |
| 16 LG CHEM MICHIGAN INC., a business entity, form unknown; LG ENERGY SOLUTION MICHIGAN, INC., a Delaware corporation; and DOES 1 through 50, Inclusive, | |
| 17 | |
| 18 | (Filed concurrently with Notice of Removal of Action, Corporate Disclosure Statement, Notice of Interested Parties, Notice of No Related Case, Declaration of Pam Frink, and Civil Case Cover Sheet) |
| Defendants. | |
| 19 | |
| 20 | |
| 21 | Complaint Filed:    May 25, 2021 |

22 | <u>**DECLARATION OF KEVIN D. FINLEY**</u>

23 |     I, Kevin D. Finley, hereby declare as follows:

24 |     1.    I am an attorney duly admitted to practice law before all the courts in the

25 | State of California and the United States District Court for the Central District of

26 | California, where I am in good standing.  I am an associate with the law firm of Jackson

27 | Lewis P.C., counsel of record for Defendant LG ENERGY SOLUTION MICHIGAN,

28 | INC. ("Defendant").  I have personal knowledge of the facts stated in this declaration and

if called upon to do so, I could and would competently testify to them.  I submit this declaration in support of Defendant's Notice of Removal of Civil Action.

2.      On May 25, 2021, Plaintiff Eugene Cross ("Plaintiff") filed an unverified Complaint in the Superior Court of the State of California County of Los Angeles entitled *Eugene Cross, an individual, Plaintiff*, vs. *LG Chem Michigan, Inc., a business entity, form unknown; LG Energy Solution Michigan, Inc., a Delaware corporation; and DOES 1 through 50, Inclusive, Defendants*, Case No. 21STCV19764 (the "Complaint").  (A true and complete copy of the Complaint, with the Summons, Civil Case Cover Sheet and Proof of Service, are attached hereto as **Exhibit "A"**.)

3.      In the Complaint, Plaintiff asserts eleven causes of action: (1) Wrongful Termination in Violation of Public Policy (Government Code § 12940, et seq.); (2) Discrimination Based Upon Disability / Medical Condition in Violation of the Fair Employment and Housing Act ("FEHA") (Government Code §§ 12926, 12940, et seq.); (3) Failure to Accommodate in Violation of the FEHA (Government Code § 12940(k) and (m)); (4) Failure to Engage in the Interactive Process in Violation of the FEHA (Government Code § 12940(k) and (m)); (5) Discrimination Based Upon Age in Violation of the FEHA (Government Code § 12940, et seq.); (6) Retaliation in Violation of the FEHA (Government Code § 12940, et seq.); (7) Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation in Violation of the FEHA; (8) Violation of the Family Medical Leave Act ("FMLA"); (9) Intentional Infliction of Emotional Distress; (10) Violation of Labor Code § 2810.5; and (11) Unfair Competition in Violation of Business and Professions Code § 17200, et seq.

4.      On May 26, 2021 Plaintiff personally served Defendant's registered agent for service of process with the Summons and Complaint. (*See*, **Exhibit "A"**.)

5.      On June 24, 2021, Defendant filed and served its Answer in the Los Angeles County Superior Court.  (A true and complete copy of the Answer is attached hereto as **Exhibit "B"**.)

6.      As of the date of this Notice of Removal, the attached Exhibits "A" and "B" constitute all pleadings in this matter.

7.      Attached hereto as **Exhibit "C"** is a true and correct copy of the Notice To Adverse Party Of Removal Of Civil Action To Federal Court which will be filed with this Court and served on Plaintiff's counsel once the Notice Of Removal Of Civil Action To Federal Court has been filed.

8.      Attached hereto as **Exhibit "D"** is a true and correct copy of the Notice To Superior Court Of Removal Of Civil Action To Federal Court which will be filed with the Superior Court for the County of Los Angeles and served on Plaintiff's counsel once the Notice Of Removal Of Civil Action To Federal Court has been filed.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 25th day of June, 2021 at Los Angeles, California.

_____

KEVIN D. FINLEY

4811-1499-5438, v. 1

USDC Case No.:                    3          DECLARATION OF KEVIN D. FINLEY IN SUPPORT
                                              OF NOTICE OF REMOVAL

# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/25/2021 03:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV19764

| | **SUM-100** |
|---|---|
| # SUMMONS<br>### *(CITACION JUDICIAL)* | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LG CHEM MICHIGAN INC., a business entity, form unknown; LG ENERGY
SOLUTION MICHIGAN, INC., a Delaware corporation; and DOES 1 through 50,
Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EUGENE CROSS, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 North Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**21STCV19764** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jay S. Rothman & Associates, 21900 Burbank Blvd., Suite 210, Woodland Hills, CA 91367; 818-986-7870

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* 05/25/2021 | Clerk, by<br>*(Secretario)* C. Monroe | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* LG Chem Michigan Inc., a business entity, form unknown

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☑ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 05/25/2021 03:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV19764

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Burdge

JAY S. ROTHMAN & ASSOCIATES
JAY S. ROTHMAN, ESQ. (SBN 49739)
21900 Burbank Blvd., Suite 210
Woodland Hills, California 91367
Tel. (818) 986-7870
Fax (818) 990-3019
E-Mail: lawyers@jayrothmanlaw.com

Attorney for Plaintiff
EUGENE CROSS, an individual

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| EUGENE CROSS, an individual, | CASE NO. 21STCV19764 |
|---|---|
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | 1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (*Government Code* §12940, et seq.); |
| LG CHEM MICHIGAN INC., a business entity, form unknown; LG ENERGY SOLUTION MICHIGAN, INC., a Delaware corporation; and DOES 1 through 50, Inclusive, | 2. DISCRIMINATION BASED UPON DISABILITY / MEDICAL CONDITION (*Government Code* §§12926, 12940, et seq.); |
| Defendants. | 3. FAILURE TO ACCOMMODATE (*Government Code* §12940(k) and (m)); |
| | 4. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (*Government Code* §§12926.1(e), 12940, et seq.); |
| | 5. DISCRIMINATION BASED UPON AGE (*Government Code* §12940, et seq.); |
| | 6. RETALIATION (*Government Code* §12940, et seq.); |
| | 7. FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION AND RETALIATION; |
| | 8. VIOLATION OF FAMILY AND MEDICAL LEAVE ACT; |
| | 9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; |
| | 10. VIOLATION OF *LABOR CODE* §2810.5; and |
| | 11. UNFAIR COMPETITION IN VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §17200, et seq. |

COMPLAINT FOR DAMAGES

[DEMAND FOR JURY TRIAL]

**STATEMENT OF FACTS**

1.     Plaintiff EUGENE CROSS, an individual (hereinafter "plaintiff"), was dually employed by defendants LG CHEM MICHIGAN INC., a business entity, form unknown, and LG ENERGY SOLUTION MICHIGAN, INC., a Delaware corporation (hereinafter collectively referred to as "defendant EMPLOYER"). His employment began on or about May 15, 2017.

2.     Plaintiff is 50 years old.

**A.     Disability Discrimination and Retaliation in Violation of the Fair Employment and Housing Act.**

3.     During his employment, plaintiff suffered from multiple sclerosis and was rendered disabled, as that term is defined by law.

4.     He was being medically treated. His disability required plaintiff to be released from work during various times of his employment. He was last placed on disability leave in March 2020 and scheduled to return in September 2020. At all times, plaintiff informed defendant EMPLOYER of his disability and required leaves of absence.

5.     Defendant EMPLOYER discriminated and retaliated against plaintiff due to his disability. Said discrimination and retaliation included, but was not limited to, terminating plaintiff on or about August 24, 2020.

6.     Defendant EMPLOYER also terminated plaintiff so as to avoid engaging in the interactive process and to avoid providing plaintiff with any needed accommodations.

7.     Non-disabled employees were not terminated.

**B.     Age Discrimination and Retaliation in Violation of the Fair Employment and Housing Act.**

8.     Plaintiff is 50 years old.   Defendant EMPLOYER discriminated against plaintiff due to his age.  Said discrimination included, but was not limited to, terminating plaintiff on or about August 24, 2020.

9.     Employees under the age of 40 were not terminated..

10.     The discrimination and retaliation by defendant EMPLOYER led to a tangible job

1   detriment.  Defendant EMPLOYER failed to exercise reasonable care to prevent and correct

2   promptly the discriminatory and retaliatory behavior.  Defendant EMPLOYER had no policies

3   and procedures for preventing discrimination and retaliation.

4     11. Plaintiff filed a claim with the California Department of Fair Employment and

5   Housing ("DFEH"), pursuant to California *Government Code* §12965(b) and the California Fair

6   Employment and Housing Act ("FEHA").  Plaintiff filed such a claim in a timely fashion and

7   received a "right-to-sue" letter.  Attached as Exhibit A and incorporated herein by reference is a

8   true and correct copy of the claim plaintiff filed and the "right-to-sue" letter.

9   **D.** **Violation of Family Medical Leave Act**

10     12. Plaintiff requested leave under the Family Medical Leave Act ("FMLA") due to

11   his own serious health condition.  Defendant EMPLOYER granted the request and approved

12   FMLA leave from March 2020 through September 2020.

13     13. On or about August 24, 2020, plaintiff was terminated.  Plaintiff was terminated

14   because he took FMLA leave.

15   **E.** **Severance Agreement**

16     14. As a result of the above-referenced conduct, defendant EMPLOYER offered

17   plaintiff a severance agreement, which plaintiff entered into.  However, the severance agreement

18   is null and void as plaintiff cancelled the severance agreement and/or defendant EMPLOYER

19   failed to meet all required conditions required by the severance agreement, including issuing the

20   first payment late.

21       **GENERAL ALLEGATIONS**

22     15. This is a complaint by an individual for damages arising out of the outrageous,

23   oppressive and intrusive conduct of all defendants.  Plaintiff seeks compensatory and punitive

24   damages.

25     16. The true names and capacities of the defendants sued herein as DOES 1 through

26   50, inclusive, are unknown to plaintiff, who therefore sues these defendants by such fictitious

27   names. Plaintiff will ask leave of the Court to amend this Complaint to show their true names and

28   capacities when same have been ascertained.  Plaintiff is informed and believes, and thereon

  COMPLAINT FOR DAMAGES

1    alleges, that each of the defendants, herein designated as a DOE, proximately caused the injuries

2    and damages to plaintiff as hereinafter alleged.

3         17.    Plaintiff is informed and believes, and thereon alleges, that each of the defendants

4    designated herein as a DOE is legally responsible in some manner for the events and happenings

5    herein referred to, and negligently, wantonly, recklessly, tortiously and/or unlawfully proximately

6    caused the injuries and damages thereby to plaintiff as herein alleged.

7         18.    At all times mentioned herein, defendant LG CHEM MICHIGAN INC., a business

8    entity, form unknown,, was an employer with an entity address of 1857 Technology Drive, Troy,

9    Michigan 49423, and at all times herein mentioned was authorized to do business in California.

10   At all times mentioned herein, defendant LG ENERGY SOLUTION MICHIGAN, INC., a

11   Delaware corporation, with an entity address of 1 LG Way, Holland, Michigan 49423 and at all

12   times herein mentioned was authorized to do business in California.

13        19.    At all times herein mentioned, DOES 1 through 50 were individuals in supervisory

14   positions at defendant EMPLOYER's place of employment and citizens of the State of California.

15   At all times herein mentioned, DOES 1 through 50 were acting in the course and scope of their

16   employment at defendant EMPLOYER's place of employment.

17        20.    At all times herein mentioned, plaintiff was an individual who resided in the city

18   of Azusa, County of Los Angeles, State of California, and an employee of defendant EMPLOYER

19   and was and is a citizen of the State of California.

20        21.    The conduct complained of herein was ratified in the County of Los Angeles, State

21   of California.

22              **FIRST CAUSE OF ACTION**

23              **WRONGFUL TERMINATION**

24              **IN VIOLATION OF PUBLIC POLICY**

25              (*Government Code* §12940, et seq.)

26              **(Against Defendant EMPLOYER and DOES 1-50)**

27        22.    The allegations of the Statement of Facts and preceding paragraphs are realleged

28   and incorporated herein by reference except where to do so would be inconsistent with pleading

4       COMPLAINT FOR DAMAGES

1    a cause of action for Wrongful Termination in Violation of Public Policy.

2         23.    At all times relevant herein, defendants were employers as that term is defined in

3    California *Government Code* §12940, et seq., and as such, were barred from discriminating in

4    employment decisions.

5         24.    Plaintiff alleges that the terms and conditions of his employment and his

6    termination was in violation of the public policy of the State of California (*Government Code*

7    §12940, et seq.).  *Government Code* §12920 declares as public policy "that it is necessary to

8    protect and safeguard the right and opportunity of all persons to seek, obtain, and hold

9    employment without discrimination" on the basis of age, physical disability or various other

10   factors the statute enumerates.  The Fair Employment and Housing Act specifically prohibits

11   defendants from discriminating against plaintiff on the basis of age and disability / medical

12   condition. (*Government Code* §12920, et seq.)  Defendants did discriminate against plaintiff on

13   the basis of his age and disability / medical condition.  His injuries limited major life activities.

14        25.    Defendants violated public policy by discriminating against and terminating plaintiff

15   on the basis of his age and disability / medical condition.

16        26.    The Fair Employment and Housing Act's prohibition on discrimination supports

17   an action for termination in violation of public policy.  The above acts of defendants constituted

18   a wrongful termination of plaintiff and was in violation of public policy as described in paragraph

19   24 above.  Such termination was a substantial factor in causing damage and injury to plaintiff set

20   forth below.

21        27.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably

22   suffered and continues to suffer substantial loss of earnings and employment benefits in an amount

23   according to proof at the time of trial.  Plaintiff claims such amount as damages together with

24   prejudgment interest pursuant to *Government Code* §12940, et seq., and/or any other provision

25   of law providing for prejudgment interest.

26        28.    Plaintiff further has incurred additional expenses in his efforts to regain

27   employment, all to his damage in an amount according to proof at the time of trial.

28        29.    As a direct and proximate result of the aforementioned wrongful conduct of

defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

30.     Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

31.     As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

32.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

33.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

34.     Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION

### DISCRIMINATION BASED UPON DISABILITY / MEDICAL CONDITION

**(*Government Code* §§12926, 12940, et seq.)**

**(Against Defendant EMPLOYER and DOES 1-50)**

COMPLAINT FOR DAMAGES

35.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Discrimination Based Upon Disability / Medical Condition.

36.    FEHA prohibits discrimination on the basis of physical disability / medical condition as defined in *Government Code* §12926(i.), (k) and (l) or on the basis of any other condition covered as a disability under the Americans with Disabilities Act. (See *Cal.C.Regs*. §7293.7.) Under FEHA, defendants were barred from discharging plaintiff from employment and discriminating against him in terms, conditions or privileges of employment. (*Government Code* §12940(a), ( c).)

37.    Plaintiff suffered from a disability / medical condition.  As a result, plaintiff was rendered disabled because his conditions limited major life activities.   As such, he was and is a qualified individual with a disability and a member of a class protected from disability discrimination under California law.

38.    During his employment, defendants took adverse employment actions against plaintiff, including but not limited to terminating him.  Defendants took these adverse employment actions because plaintiff was a disabled person.  When defendants engaged in this act, they treated plaintiff adversely because of his disability / medical condition.

39.    In doing the acts referenced above, defendants violated *Government Code* §12940, et seq.

40.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* § 12945, et seq., and/or any other provision of law providing for prejudgment interest.

41.    Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

42.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future,

7                COMPLAINT FOR DAMAGES

1   and other incidental and consequential damages in an amount according to proof at the time of

2   trial.

3          43.     Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in

4   order to enforce his rights and to obtain benefits due him, all to his further damage in an amount

5   according to proof.

6          44.     As a proximate result of the conduct complained of herein, plaintiff suffered and

7   continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe

8   shock to his nervous system, and thereby sustained serious injuries to his physical and mental

9   health, strength and activity, causing him extreme physical and emotional pain, all to his general

10  damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior

11  Court of the State of California.

12         45.     As a direct and proximate result of the aforementioned wrongful conduct of

13  defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown

14  to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard

15  when the same have been ascertained.

16         46.     As a direct and proximate result of the aforementioned wrongful conduct of

17  defendants, plaintiff will be required to incur additional future medical expenses all to his further

18  damage in an amount to be proven at trial.

19         47.     Because the acts taken toward plaintiff were carried out in a deliberate, cold,

20  callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the

21  assessment of punitive damages against defendants in an amount appropriate to punish and make

22  an example of defendants.

23         Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

24                          **THIRD CAUSE OF ACTION**

25                          **FAILURE TO ACCOMMODATE**

26                  (*Government Code* §12940(k) and (m))

27              (**Against Defendant EMPLOYER and DOES 1-50**)

28         48.     The allegations of the Statement of Facts and preceding paragraphs are realleged

1  and incorporated herein by reference except where to do so would be inconsistent with pleading

2  a cause of action for Failure to Accommodate.

3      49.   *Government Code* §12940(k) and (m) require an employer to provide reasonable

4  accommodations to employees with known physical disabilities.  An employer also has an

5  affirmative duty to inform disabled individuals of other job opportunities, and ascertain whether

6  the employee is interested in, or qualified for said positions.

7      50.   Defendants independently violated the FEHA by refusing to accommodate

8  plaintiff's disability or perceived disability, by repeatedly not adhering to requested

9  accommodations, by refusing to respond to plaintiff's requests, and by other conduct according

10  to proof.

11      51.   In doing the acts referenced above, defendant failed to accommodate plaintiff's

12  disability and in doing so defendant violated its affirmative duty to plaintiff.

13      52.   As a proximate result of the aforesaid acts of defendant, plaintiff has foreseeably

14  suffered and continues to suffer substantial loss of earnings and employment benefits in an amount

15  according to proof at the time of trial.  Plaintiff claims such amount as damages together with

16  prejudgment interest pursuant to *Government Code* § 12945, et seq., and/or any other provision

17  of law providing for prejudgment interest.

18      53.   Plaintiff further has incurred additional expenses in his efforts to regain

19  employment, all to his damage in an amount according to proof at the time of trial.

20      54.   As a direct and proximate result of the aforementioned wrongful conduct of

21  defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future,

22  and other incidental and consequential damages in an amount according to proof at the time of

23  trial.

24      55.   Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in

25  order to enforce his rights and to obtain benefits due him, all to his further damage in an amount

26  according to proof.

27      56.   As a proximate result of the conduct complained of herein, plaintiff suffered and

28  continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe

shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

57.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

58.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

59.   Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### (*Government Code* §§12926.1(e), 12940, et seq.)

### (Against Defendant EMPLOYER and DOES 1-50)

60.   The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Engage in the Interactive Process.

61.   *Government Code* §12940(n) and §12926.1(e) requires an employer to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response t a request for reasonable accommodation by an employee with a known physical or mental disability or know medical condition. It is a violation of FEHA to fail to engage in a timely, good faith interactive process.

62.     Defendants independently violated the FEHA by refusing to engage in the interactive process, by refusing to accommodate plaintiff's disability or perceived disability, by repeatedly not adhering to requested accommodations, by refusing to respond to plaintiff's requests, and by other conduct according to proof.

63.     In doing the acts referenced above, defendant failed to accommodate plaintiff's disability and in doing so defendant violated its affirmative duty to plaintiff.

64.     As a proximate result of the aforesaid acts of defendant, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* §12945, et seq., and/or any other provision of law providing for prejudgment interest.

65.     Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

66.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

67.     Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

68.     As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

69.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown

to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

70.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

71.     Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### DISCRIMINATION BASED UPON AGE

(*Government Code* §12940, et seq.)

(Against Defendants EMPLOYER and DOES 1-50)

72.     The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Discrimination Based Upon Age.

73.     FEHA prohibits discrimination in employment.  FEHA additionally requires an employer which learns about discrimination to conduct an immediate and effective investigation and to provide remedies if needed.

74.     Plaintiff is over the age of 40 and as such, a member of a class protected from discrimination.

75.     When defendants engaged in the acts of discrimination alleged in this Complaint, they treated plaintiff adversely because of his age.

76.     In doing the acts referenced above, defendants discriminated against plaintiff due to his age and in doing so defendant violated its affirmative duty to plaintiff.

77.     As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount

according to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* sections 12945, et seq. and/or any other provision of law providing for prejudgment interest.

78.     Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

79.     As a direct and proximate result of the aforementioned wrongful conduct of defendant, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

80.     Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

81.     As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

82.     As a direct and proximate result of the aforementioned wrongful conduct of defendant, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

83.     As a direct and proximate result of the aforementioned wrongful conduct of defendant, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

84.     Because the acts taken toward plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendant in an amount appropriate

1    to punish and make an example of defendants.

2    Wherefore, plaintiff prays for judgment against the defendant as hereinafter set forth.

3    **SIXTH CAUSE OF ACTION**

4    **RETALIATION**

5    (*Government Code* §12940, et seq.)

6    **(Against Defendant EMPLOYER and DOES 1-50)**

7    85.    The allegations of the Statement of Facts and preceding paragraphs are realleged

8    and incorporated herein by reference except where to do so would be inconsistent with pleading

9    a cause of action for Retaliation.

10    86.    At all times relevant herein, defendants, and each of them, were employers as that

11    term is defined in *Government Code* §12926, et seq., and as such, were barred from retaliating

12    in employment decisions.

13    87.    During his employment, plaintiff suffered from disabilities, took leaves of absence

14    and complained of discrimination. Defendants knew of plaintiff's disability and knew he was being

15    medically treated. When plaintiff was a disabled person and complained of discrimination, he was

16    engaged in protected activities.

17    88.    During his employment, plaintiff was over the age of 40. He was discriminated

18    against due to his age and complained of discrimination. When plaintiff complained of

19    discrimination, he was engaged in protected activities.

20    89.    When he was engaged in protected activities, defendants, and each of them,

21    engaged in acts of retaliation as alleged in this complaint, including but not to terminating plaintiff.

22    90.    Defendants retaliated against plaintiff because of his disability, age and because he

23    complained of discrimination. Therefore, a causal link exists between the protected activities

24    plaintiff was engaged in and defendants' actions.

25    91.    The above acts of defendants and each of them caused plaintiff severe emotional

26    distress, anxiety, sleeplessness, and were outrageous and beyond the scope of his employment.

27    As a direct, proximate and foreseeable result of the aforesaid conduct of the defendants, and each

28    of them, plaintiff has suffered damages and injuries set forth below.

92.     As a result of the aforesaid acts of defendants, plaintiff has become mentally upset, distressed and aggravated. Plaintiff claims general damages for such mental distress and aggravation in an amount of which will be proven at time of trial.

93.     Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

94.     As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious injuries to his physical and mental health, strength and activity, causing him extreme physical and emotional pain, all to his general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

95.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

96.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

97.     Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### FAILURE TO TAKE ALL REASONABLE STEPS

### TO PREVENT DISCRIMINATION AND RETALIATION

### (Against Defendant EMPLOYER and DOES 1-50)

98.   The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation.

99.   *Government Code* §12940 provides that it is an unlawful employment practice for an employer, because of the person's disability, to harass, discriminate and retaliate against the employee.  An entity shall take all reasonable steps to prevent the harassment, discrimination and retaliation from occurring.

100.   The facts alleged in the Introduction constitute violations of FEHA in that defendants, and each of them, discriminated and retaliated against plaintiff.  Plaintiff alleges that defendants' discrimination and retaliation against plaintiff was an unlawful employment practice in that defendants, and each of them, failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring in violation of *Government Code* §12940 of the Fair Employment and Housing Act.

101.   As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* §12945, et seq. and/or any other provision of law providing for prejudgment interest.

102.   Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

103.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to

1    proof at the time of trial.

2        104.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in

3    order to enforce his rights and to obtain benefits due him, all to his further damage in an amount

4    according to proof.

5        105.    As a proximate result of the conduct complained of herein, plaintiff suffered and

6    continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe

7    shock to his nervous system, and thereby sustained serious injuries to his physical and mental

8    health, strength and activity, causing him extreme physical and emotional pain, all to his general

9    damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior

10   Court of the State of California.

11       106.    As a direct and proximate result of the aforementioned wrongful conduct of

12   defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of

13   which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this

14   complaint in this regard when the same have been ascertained.

15       107.    As a direct and proximate result of the aforementioned wrongful conduct of

16   defendants, and each of them, plaintiff will be required to incur additional future medical expenses

17   all to his further damage in an amount to be proven at trial.

18       108.    Because the acts taken toward plaintiff were carried out in a deliberate, cold,

19   callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the

20   assessment of punitive damages against defendants, and each of them, in an amount appropriate

21   to punish and make an example of defendants.

22       Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

23                            **EIGHTH CAUSE OF ACTION**

24               **VIOLATION OF FAMILY AND MEDICAL LEAVE ACT**

25                   **(Against Defendants EMPLOYER and DOES 1-50)**

26       109.    The allegations of the Statement of Facts and preceding paragraphs are realleged

27   and incorporated herein by reference except where to do so would be inconsistent with pleading

28   a cause of action for Violation of Family and Medical Leave Act.

110.     The Family and Medical Leave Act (29 USC §2601, *et seq.*) requires that covered employers grant an eligible employee up to a total of 12 workweeks of unpaid leave during any 12-month period for one or more of the following reasons: (a) for the birth and care of the newborn child of the employee; (b) for placement with the employee of a son or daughter for adoption or foster care; ( c) to care for an immediate family member (spouse, child, or parent) with a serious health condition; or (d) to take medical leave when the employee is unable to work because of a serious health condition.

111.     At all times mentioned herein, defendants were covered employers as that term is defined by law, including but not limited to 29 USC §2611, *et seq.*

112.     At all times mentioned herein, plaintiff was an eligible employee as that term is defined by law. He had more than 12 months of service with defendant EMPLOYER and worked at least 1,250 hours for defendant EMPLOYER during the 12 months prior to the commencement of the leave.

113.     At all times mentioned herein, plaintiff suffered from a serious health condition.

114.     At all times mentioned herein, plaintiff qualified for and was entitled to leave under the Family and Medical Leave Act because the Family and Medical Leave Act allows plaintiff to take unpaid leave due to a serious health condition. The Family and Medical Leave Act allows plaintiff to take leave of up to 12 work weeks in a 12-month period. (29 USC §2612) The leave does not need to be taken in one continuous period of time. After requesting and taking such leave, defendant EMPLOYER retaliated against plaintiff and terminated him.

115.     Defendant EMPLOYER's actions constituted a violation of the Family and Medical Leave Act, which mandates that employees be guaranteed a return to the same or comparable position.

116.     As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest.

117.     Plaintiff further has incurred additional expenses in his efforts to regain

employment, all to his damage in an amount according to proof at the time of trial.

118.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

119.   Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

120.   As a proximate result of the conduct complained of herein, plaintiff suffered and sustained serious injuries to his physical health, strength and activity, causing him extreme physical pain, all to his general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

121.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

122.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to his further damage in an amount to be proven at trial.

123.   Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

124.   Plaintiff requests interest pursuant to 29 USC §2617, et seq.

125.   Plaintiff requests liquidated damages pursuant to 29 USC §2617, et seq.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

**NINTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against Defendants EMPLOYER and DOES 1-50)**

126.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Intentional Infliction of Emotional Distress.

127.    When defendants did the acts described in this complaint, they engaged in extreme and outrageous conduct.  They did such acts deliberately, intentionally and recklessly so as to cause plaintiff severe emotional distress.  Defendants' conduct in confirming and ratifying that conduct was done with knowledge that plaintiff's distress would thereby increase, and was done with wanton and reckless disregard of the consequences to plaintiff.

128.    Based on the acts described in this complaint, plaintiff is entitled to pursue this cause of action.  The Workers' Compensation Act does not preempt a claim for infliction of emotional distress based on wrongful termination.  *Kovatch v. California Cas. Management Co., Inc.* (1998) 65 Cal.App.4th 1256, 1277-1278 ("It follows that, like his wrongful termination claim, [plaintiff's] emotional distress claim is not barred by the exclusive remedy provisions of the Workers' Compensation Act.").  The exclusivity rule does not bar a suit for emotional distress damages resulting from unlawful discrimination or other misconduct that "exceed(s) the normal risks of the employment relationship." *Livitsanos v. Sup. Ct. (Continental Culture Specialists, Inc.)* (1992) 2 Cal.4th 744, 756.

129.    The above acts of defendants caused plaintiff severe emotional distress, anxiety, sleeplessness, and were outrageous and beyond the scope of his employment.  As a direct, proximate and foreseeable result of the aforesaid conduct of the defendants, plaintiff has suffered damages and injuries set forth below.

130.    As a result of the aforesaid acts of defendants, plaintiff has become mentally upset, distressed and aggravated.   Plaintiff claims general damages for such mental distress and aggravation in an amount of which will be proven at time of trial.

131.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably

1  suffered and continues to suffer substantial loss of earnings and employment benefits in an amount

2  according to proof at the time of trial.  Plaintiff claims such amount as damages together with

3  prejudgment interest.

4       132.    Plaintiff further has incurred additional expenses in his efforts to regain

5  employment, all to his damage in an amount according to proof at the time of trial.

6       133.    As a direct and proximate result of the aforementioned wrongful conduct of

7  defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning

8  capacity in the future, and other incidental and consequential damages in an amount according to

9  proof at the time of trial.

10      134.    As a proximate result of the conduct complained of herein, plaintiff suffered and

11  continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe

12  shock to his nervous system, and thereby sustained serious injuries to his physical and mental

13  health, strength and activity, causing him extreme physical and emotional pain, all to his general

14  damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior

15  Court of the State of California.

16      135.    As a direct and proximate result of the aforementioned wrongful conduct of

17  defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of

18  which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this

19  complaint in this regard when the same have been ascertained.

20      136.    As a direct and proximate result of the aforementioned wrongful conduct of

21  defendants, and each of them, plaintiff will be required to incur additional future medical expenses

22  all to his further damage in an amount to be proven at trial.

23      137.    Because the acts taken toward plaintiff were carried out in a deliberate, cold,

24  callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the

25  assessment of punitive damages against defendants, and each of them, in an amount appropriate

26  to punish and make an example of defendants. *See Heller v. Pillsbury Madison & Sutro* (1996)

27  50 Cal.App.4th 1367 (punitive damages are recoverable in actions for intentional infliction of

28  emotional distress).

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

## TENTH CAUSE OF ACTION

### VIOLATION OF *LABOR CODE* §2810.5

### (Against Defendants EMPLOYER and DOES 1-50)

138.    The allegations set forth above are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Violation of *Labor Code* §2810.5.

139.    *Labor Code* §2810.5 requires that employers provide notice to employees of their rate(s) of pay, designated pay day, the employer's intent to claim allowances (meal or lodging allowances) as part of the minimum wage, and the basis of wage payment (whether paying by hour, shift, day, week, piece, etc.), including any applicable rates for overtime. The law requires that the notice contain the employer's "doing business as" names, and that it be provided at the time of hiring and within 7 days of a change if the change is not listed on the employee's pay stub for the following pay period. The notice must be provided in the language the employer normally uses to communicate employment-related information to the employee, through translated notices provided by the Department of Labor.

140.    Defendants knowingly and intentionally failed to comply with *Labor Code* §2810.5.

141.    Pursuant to *Labor Code* §2810.5, defendants failed to timely make the required disclosures.  Therefore, each pay period that the disclosure is not made creates a continuing liability for defendants.  The first pay period missed results in a civil penalty of $100.  The second and any subsequent pay period where the disclosure has not been made results in a civil penalty of $200.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

COMPLAINT FOR DAMAGES

## ELEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION IN VIOLATION OF

### *BUSINESS AND PROFESSIONS CODE* §17200, et seq.

### (Against Defendants EMPLOYER and DOES 1-50)

142.   The allegations set forth above are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Unfair Competition in Violation of *Business and Professions Code* §17200, et seq.

143.   Defendants' conduct constitutes unfair competition pursuant to *Business and Professions Code* §17200, et seq.  Defendants' conduct included unlawful, unfair and/or fraudulent business acts or practices, to wit: defendants' unlawful failure to comply with *Labor Code* §2810.5.  By failing to do so, defendants gained an unfair advantage over its competitors who did comply with *Labor Code* §2810.5.

144.   Defendants are strictly liable for engaging in unfair competition in violation of *Business and Professions Code* §17200, et seq.

145.   As a direct and proximate result of defendants' unfair competition as alleged herein, plaintiff suffered damages and defendants have been unjustly enriched.

146.   As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest.

147.   Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

148.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

149.   Unless restrained, defendants will continue in the acts and conduct set forth above, to plaintiff's great and irreparable injury, for which damages will not afford adequate relief.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

**PRAYER**

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1.     For compensatory damages, as allowed by law, for an amount in excess of $50,000 and according to proof at trial;

2.     For an award of punitive damages, as allowed by law, for an amount according to proof at trial;

3.     For medical and related expenses , as allowed by law, for an amount according to proof at trial;

4.     For lost earnings and related expenses, as allowed by law, for an amount according to proof at trial;

5.     For attorneys' fees and costs as permitted by law;

6.     For prejudgment interest on all amounts claimed, as permitted by law; and

7.     For such other and further relief as the Court deems just and proper.

DATED:     May 25, 2021     JAY S. ROTHMAN & ASSOCIATES

_____

JAY S. ROTHMAN, Esq.
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of the foregoing causes of action.

DATED:     May 25, 2021     JAY S. ROTHMAN & ASSOCIATES

_____

JAY S. ROTHMAN
Attorney for Plaintiff

     COMPLAINT FOR DAMAGES

**EXHIBIT A**



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

April 20, 2021

Jay S. Rothman
21900 Burbank Blvd., Ste. 210
Woodland Hills, California 91367

RE:    **Notice to Complainant's Attorney**
DFEH Matter Number: 202104-13310420
Right to Sue: Cross / LG Chem Michigan Inc.

Dear Jay S. Rothman:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758                                    KEVIN KISH, DIRECTOR
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 20, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202104-13310420
      Right to Sue: Cross / LG Chem Michigan Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 20, 2021

Eugene Cross
c/o Jay S. Rothman & Associates, 21900 Burbank Blvd., Suite 210
Woodland Hills, California 91367

RE:     **Notice of Case Closure and Right to Sue**
         DFEH Matter Number: 202104-13310420
         Right to Sue: Cross / LG Chem Michigan Inc.

Dear Eugene Cross:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective April 20, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Eugene Cross                                                    DFEH No. 202104-13310420

                                   Complainant,

vs.

LG Chem Michigan Inc.
1 LG Way
Holland, Michigan 49423

                                   Respondents

_____

1. Respondent **LG Chem Michigan Inc.** is an **employer LG Chem Michigan Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Eugene Cross**, resides in the City of **Woodland Hills,** State of **California.**

3. Complainant alleges that on or about **August 24, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), age (40 and over).

**Complainant was discriminated against** because of complainant's disability (physical or mental), age (40 and over) and as a result of the discrimination was terminated, laid off, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, laid off, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

-1-

*Complaint – DFEH No. 202104-13310420*

Date Filed: April 20, 2021

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Additional Complaint Details:** I worked for LG Chem for approximately 3 1/2 years until 8/24/2020. I was a project manager. I have MS which got worse in late 2019. I worked from home. But in 3/2020, I was out on full time leave. I was expected to return to work in 9/2020. I was 50 years old in 2020. There was a lay off. I was targeted because of my age and disability. The second oldest employee in each dept. was targeted. The formula was age-based. The severance agreement was never finalized. There was no meeting of the minds. I was terminated.

-2-
*Complaint – DFEH No. 202104-13310420*

Date Filed: April 20, 2021

VERIFICATION

I, **Jay S. Rothman**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On April 20, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Woodland Hills, CA**

-3-
*Complaint – DFEH No. 202104-13310420*

Date Filed: April 20, 2021

Electronically FILED by Superior Court of California, County of Los Angeles on 05/25/2021 03:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV19764

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jay S. Rothman, Esq.      SBN: 49739<br>JAY S. ROTHMAN & ASSOCIATES<br>21900 Burbank Boulevard, Suite 210, Woodland Hills, CA 91367<br>TELEPHONE NO.: 818-986-7870      FAX NO.: 818-990-3019<br>ATTORNEY FOR *(Name):* Plaintiff Eugene Cross | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

CASE NAME: Eugene Cross v. LG Chem Michigan Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>21STCV19764 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: May 25, 2021

Jay S. Rothman
    (TYPE OR PRINT NAME)         ▶         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder™ |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Eugene Cross v. LG Chem Michigan Inc., et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> ### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Eugene Cross v. LG Chem Michigan Inc., et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1, ②, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Eugene Cross v. LG Chem Michigan Inc., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Eugene Cross v. LG Chem Michigan Inc., et al. | |

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 840 East Manresa Drive |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Azusa | CA | 91702 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 25, 2021



_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/25/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Monroe _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV19764 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Richard J. Burdge | 37 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/26/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By C. Monroe , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Richelle Mea

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
                       ) — MANDATORY ELECTRONIC FILING
                       ) FOR CIVIL

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) "Bookmark". A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) "Filing Portal". The official court website includes a webpage, referred to as the eFiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) "Electronic Envelope". A transaction through the electronic service provider for submission of documents to the Court for processing, which may contain one or more PDF documents attached.

   d) "Electronic Filing" Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

1   e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a

2   person or entity that receives an electronic filing from a party for retransmission to the Court.

3   In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4   agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

5   f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of

6   Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7   (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8   2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9   process attached to or logically associated with an electronic record and executed or adopted

10  by a person with the intent to sign the electronic record.

11  g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place

12  in a hypertext or hypermedia document to another in the same or different document.

13  b) **"Portable Document Format"**  A digital document format that preserves all fonts,

14  formatting, colors and graphics of the original source document, regardless of the application

15  platform used.

16  2) **MANDATORY ELECTRONIC FILING**

17  a) **Trial Court Records**

18  Pursuant to Government Code section 68150, trial court records may be created, maintained,

19  and preserved in electronic format.  Any document that the Court receives electronically must

20  be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21  official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22  b) **Represented Litigants**

23  Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24  electronically file documents with the Court through an approved EFSP.

25  c) **Public Notice**

26  The Court has issued a Public Notice with effective dates the Court required parties to

27  electronically file documents through one or more approved EFSPs.  Public Notices containing

28  effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)  Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv)  Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)  Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

   Each document accompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

b)  Writs and Abstracts

   Writs and Abstracts must be submitted as a separate electronic envelope.

   i)  Sealed Documents

      If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

   j)  Redaction

      Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

   a)  Filed Date

      i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

      ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

   a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte

application must be provided to the court the day of the ex parte hearing.

6) **PRINTED COURTESY COPIES**

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

be delivered to the courtroom by 4:30 p.m. the same business day the document is filed. If

the filing is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26

pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

additional documents. Courtroom specific courtesy copy guidelines can be found at

www.lacourt.org on the Civil webpage under "Courtroom Information."

10) **WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS**

a) Fees and costs associated with electronic filing must be waived for any litigant who has

received a fee waiver. (California Rules of Court, rules 2.253(b)(2), 2.258(b); Code Civ. Proc. §

1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(i), may be

electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

— invalid









## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | Reserved for Clerk's File Stamp | |
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;



| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

iii.    Be filed within two (2) court days of receipt of the Request; and

iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ______ (INSERT DATE) for the complaint, and ______ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

______ (TYPE OR PRINT NAME) ➤ ______ (ATTORNEY FOR PLAINTIFF)

Date:

______ (TYPE OR PRINT NAME) ➤ ______ (ATTORNEY FOR DEFENDANT)

Date:

______ (TYPE OR PRINT NAME) ➤ ______ (ATTORNEY FOR DEFENDANT)

Date:

______ (TYPE OR PRINT NAME) ➤ ______ (ATTORNEY FOR DEFENDANT)

Date:

______ (TYPE OR PRINT NAME) ➤ ______ (ATTORNEY FOR ______)

Date:

______ (TYPE OR PRINT NAME) ➤ ______ (ATTORNEY FOR ______)

Date:

______ (TYPE OR PRINT NAME) ➤ ______ (ATTORNEY FOR ______)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _______________ (insert date 10 calendar days following filing of the Request)
3. Deadline for Court to hold Informal Discovery Conference: _______________ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| | | |
|---|---|---|
| SHORT TITLE: | | CASE NUMBER: |

<table>
<tr><td colspan="2">ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):</td><td>TELEPHONE NO.:</td><td>FOR COURT USE ONLY</td></tr>
<tr><td colspan="2">E-MAIL ADDRESS (Optional):<br>FAX NO. (Optional):<br>ATTORNEY FOR (Name):</td><td></td><td></td></tr>
<tr><td colspan="4">SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES</td></tr>
<tr><td colspan="4">PLAINTIFF:</td></tr>
<tr><td colspan="4">DEFENDANT:</td></tr>
<tr><td colspan="3">STIPULATION AND ORDER – MOTIONS IN LIMINE</td><td>CASE NUMBER:</td></tr>
</table>

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. This parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____          ➤ _____
    (TYPE OR PRINT NAME)          (ATTORNEY FOR PLAINTIFF)

Date: _____          ➤ _____
    (TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)

Date: _____          ➤ _____
    (TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)

Date: _____          ➤ _____
    (TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)

Date: _____          ➤ _____
    (TYPE OR PRINT NAME)          (ATTORNEY FOR _____)

Date: _____          ➤ _____
    (TYPE OR PRINT NAME)          (ATTORNEY FOR _____)

Date: _____          ➤ _____
    (TYPE OR PRINT NAME)          (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                           JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# Exhibit B

Electronically FILED by Superior Court of California, County of Los Angeles on 06/24/2021 12:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1 | Katessa M. Charles (SBN 146922)
Kevin D. Finley (SBN 318193)
2 | JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
3 | Los Angeles, California 90017-5408
Telephone: (213) 689-0404
4 | Facsimile: (213) 689-0430
Katessa.Charles@jacksonlewis.com
5 | Kevin.Finley@jacksonlewis.com

6 | Attorneys for Defendant
LG ENERGY SOLUTION MICHIGAN, INC.
7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF LOS ANGELES

10 |

11 | EUGENE CROSS, an individual,
Plaintiff,

**CASE NO.: 21STCV19764**

12 | vs.

[Assigned for all purposes to the
Hon. Richard J. Burdge, Dept. 37]

13 | LG CHEM MICHIGAN INC., a business entity,
form unknown; LG ENERGY SOLUTION
14 | MICHIGAN, INC., a Delaware corporation; and
DOES 1 through 50, Inclusive,

**DEFENDANT LG ENERGY SOLUTION
MICHIGAN, INC.'S ANSWER TO
PLAINTIFF EUGENE CROSS'S
COMPLAINT**

15 |

16 | Defendants.

Complaint Filed: May 25, 2021

17 |

18 |

19 |

20 | **TO THE HONORABLE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

21 | Defendant LG ENERGY SOLUTION MICHIGAN, INC. ("Defendant") hereby responds to

22 | EUGENE CROSS's ("Plaintiff") unverified Complaint ("Complaint") as follows:

23 | <u>**GENERAL DENIAL**</u>

24 | Pursuant to the Code of Civil Procedure § 431.30(d), Defendant denies generally and

25 | specifically, each and every allegation contained in the Complaint.  Defendant further denies, generally

26 | and specifically, that Plaintiff has suffered any injury or been damaged in any sum whatsoever by reason

27 | of any act or omission on the part of Defendant, or any of their past or present agents, representatives, or

28 | employees.

1

DEFENDANT LG ENERGY SOLUTION MICHIGAN, INC.'S ANSWER TO PLAINTIFF EUGENE
CROSS'S COMPLAINT

**AFFIRMATIVE DEFENSES**

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend or supplement any affirmative defense contained herein at any time. Without conceding that they bear the burden of proof or persuasion as to any one of these, Defendant alleges the following defenses to the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2.      Any recovery on Plaintiff's Complaint is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure § 335.1 and Government Code § 12965, to the extent the conduct complained of occurred outside the time frames set forth in those statutes.

**THIRD AFFIRMATIVE DEFENSE**

**(At-Will Employment)**

3.      Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

**FOURTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Pre-emption)**

4.      To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusive remedy provisions of the Workers' Compensation Act, Labor Code § 3200, *et seq.*

/ / /

DEFENDANT LG ENERGY SOLUTION MICHIGAN, INC.'S ANSWER TO PLAINTIFF EUGENE CROSS'S COMPLAINT

### FIFTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

5.      To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

### SIXTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

6.      Plaintiff's allegations of discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise.  *State Dept. of Health Servs. v. Superior Court of Sacramento County (McGinnis)* (2000) 31 Cal.4th 1026.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Privileged, Good Faith & Justified Conduct)

**7.**      Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law and for legitimate business reasons.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Mixed Motive)

8.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that any discriminatory and/or retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory and non-retaliatory business reasons.

### NINTH AFFIRMATIVE DEFENSE

#### (Equitable Doctrines)

9.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel and unclean hands.

/ / /

DEFENDANT LG ENERGY SOLUTION MICHIGAN, INC.'S ANSWER TO PLAINTIFF EUGENE CROSS'S COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

10.     Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate their alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

11.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

12.     Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiffs have failed to raise sufficient allegations of malice, oppression or fraud to comply with the requirements of Civil Code § 3294.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees and Costs)**

13.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code § 12965 upon judgment in its favor.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines are Unconstitutional)**

14.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery against Defendant in this lawsuit, such recovery is barred if any, to the extent any such act is found, because such recovery against Defendant is unconstitutional under numerous provisions of the United States Constitution and California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of

Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

15.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code § 17200 Claim Seeks Impermissible Double Recovery)

16.     Defendant alleges that as applied to the allegations in Plaintiff's Complaint, Plaintiff's claim under section 17200 et seq. presents the possibility of duplicative recovery by Plaintiff based on the same facts and circumstances, and such duplicative recovery would violate Defendant's due process rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

17.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that requested accommodations of Plaintiff's alleged disability would not have been reasonable or would have imposed an undue hardship on Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

18.     Defendant is informed and believes, and on this basis alleges, that any contractual agreement between the parties were terminated between the parties and that Plaintiff accepted Defendant's performance as an accord and satisfaction of any contract. Civil Code § 1521.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Payment)

19.     Defendant alleges that Plaintiff's recovery, if any, should be reduced to the extent that Defendant has paid Plaintiff. *Pastene v. Pardini*, (1902) 135 Cal. 431, 434 ("payment is an affirmative defense which must be plead".)

/ / /

DEFENDANT LG ENERGY SOLUTION MICHIGAN, INC.'S ANSWER TO PLAINTIFF EUGENE CROSS'S COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### (Same Decision)

20.     Any recovery on Plaintiff's Complaint is barred because assuming arguendo that discriminatory reasons had been a motivating factor in any employment decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Complain or Report Unlawful Activity)

21.     Defendant alleges that it had policies and procedures in place for the reporting of unlawful actity(ies) such as those alleged (falsely) in the Complaint.  However, Plaintiff never reported any unlawful activity(ies), thereby precluding a reasonable investigation into his (false) allegations. Accordingly, Plaintiff should be barred in whole or in part, and/or his damages reduced in whole or in part due to Plaintiff's failure to timely report the alleged unlawful conduct so that it could be investigated and/or remediated (if found to be unlawful).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Non-Joinder/Misjoinder)

22.     Defendant is informed and believes and thereon alleges that Plaintiff has misjoined or failed to join, all the potentially responsible parties necessary for a full and just adjudication of the purported claims asserted in the Complaint.

## RESERVATION OF RIGHTS

Defendant states it does not presently know all facts concerning the conduct of Plaintiff and his claims sufficient to state all affirmative defenses at this time.  Defendant reserves its right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

/ / /

/ / /

/ / /

/ / /

DEFENDANT LG ENERGY SOLUTION MICHIGAN, INC.'S ANSWER TO PLAINTIFF EUGENE CROSS'S COMPLAINT

## **PRAYER**

**WHEREFORE**, Defendant pray for judgment as follows:

1.      Plaintiff takes nothing by reason of his Complaint, and that said Complaint be dismissed with prejudice;

2.      Judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.      Defendant be awarded its costs of suit incurred herein;

4.      Defendant be awarded its attorneys' fees incurred in this action; and

For such other and further relief as the Court may deem just and proper.


Dated:  June 24, 2021                                   JACKSON LEWIS P.C.


                                                        By:_____
                                                        Katessa M. Charles
                                                        Kevin D. Finley

                                                        Attorneys for Defendant,
                                                        LG ENERGY SOLUTION MICHIGAN, INC.

DEFENDANT LG ENERGY SOLUTION MICHIGAN, INC.'S ANSWER TO PLAINTIFF EUGENE CROSS'S COMPLAINT

1

<u>**PROOF OF SERVICE**</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

**CASE NAME:**          **EUGENE CROSS v. LG CHEM MICHIGAN INC., et al.**

4

**CASE NUMBER:**    **21STCV19764**

5

6

I am employed in the County of LOS ANGELES, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

7

8

On **June 24, 2021**, I served the foregoing document described as: **DEFENDANT LG ENERGY SOLUTION MICHIGAN, INC.'S ANSWER TO PLAINTIFF EUGENE CROSS'S COMPLAINT** in this action by placing ☐ the original ☒ true copy thereof enclosed in a sealed envelope addressed as follows:

9

10

11

12

Jay S. Rothman
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Blvd., Suite 210
Woodland Hills, California 91367
Telephone: 818-986-7870
Facsimile: 818-990-3019
lawyers@jayrothmanlaw.com

13

14

Attorney for Plaintiff,
EUGENE CROSS

15

16

17

**[X]**      **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

**[X]**      **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

Executed on **June 24, 2021** at Los Angeles, California.

21

22

_____
Vivian A. Castillo

23

4821-8322-4304, v. 1

24

25

26

27

28

PROOF OF SERVICE

# Exhibit C

1 | Katessa M. Charles (SBN 146922)
Katessa.Charles@jacksonlewis.com
2 | Kevin D. Finley (SBN 318193)
Kevin.Finley@jacksonlewis.com
3 | **JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
4 | Los Angeles, California 90017-5408
Telephone: (213) 689-0404
5 | Facsimile: (213) 689-0430
6 | Attorneys for Defendant
LG ENERGY SOLUTION MICHIGAN, INC.
7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

10 |

| | |
|---|---|
| EUGENE CROSS, an individual, | **CASE NO.:** |
| Plaintiff, | **NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| vs. | |
| LG CHEM MICHIGAN INC., a business entity, form unknown; LG ENERGY SOLUTION MICHIGAN, INC., a Delaware corporation; and DOES 1 through 50, Inclusive, | (Filed concurrently with Civil Case Cover Sheet; Notice of Removal; Corporate Disclosure Statement; Notice of No Related Case; Declaration of Kevin D. Finley and Exhibits Thereto) |
| Defendants. | |

TO PLAINTIFF EUGENE CROSS AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 25, 2021, Defendant LG ENERGY SOLUTION MICHIGAN, INC. filed a Notice of Removal of this action in the United States District Court for the Central District of California under 28 U.S.C. sections 1332, 1441(a) and (b) and 1446 (Diversity).

/ / /

/ / /

/ / /

USDC Case No.:

A conformed copy of the Notice of Removal is attached to this Notice as Exhibit "A" and is served and filed herewith.

Respectfully submitted,

Dated:  June 25, 2021                    JACKSON LEWIS P.C.


By:_____
                                         Katessa M. Charles
                                         Kevin D. Finley
                                         Attorneys for Defendant,
                                         LG ENERGY SOLUTION MICHIGAN,
                                         INC.

4821-2162-8398, v. 1

# Exhibit D

1   Katessa M. Charles (SBN 146922)
    Kevin D. Finley (SBN 318193)
2   JACKSON LEWIS P.C.
    725 South Figueroa Street, Suite 2500
3   Los Angeles, California 90017-5408
    Telephone: (213) 689-0404
4   Facsimile: (213) 689-0430
    Katessa.Charles@jacksonlewis.com
5   Kevin.Finley@jacksonlewis.com

6   Attorneys for Defendant
    LG ENERGY SOLUTION MICHIGAN, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  EUGENE CROSS, an individual,          CASE NO.: 21STCV19764
    Plaintiff,
12                                        [Assigned for all purposes to the
               vs.                        Hon. Richard J. Burdge, Dept. 37]
13  LG CHEM MICHIGAN INC., a business entity,
    form unknown; LG ENERGY SOLUTION
14  MICHIGAN, INC., a Delaware corporation; and    NOTICE TO SUPERIOR COURT OF
    DOES 1 through 50, Inclusive,                   REMOVAL OF ACTION TO FEDERAL
15                                        COURT
               Defendants.
16                                        Complaint Filed: May 25, 2021

17

18  TO THE HONORABLE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

19  COUNTY OF LOS ANGELES:

20          PLEASE TAKE NOTICE that on June 25, 2021, Defendant LG ENERGY SOLUTION

21  MICHIGAN, INC. filed in the United States District Court for the Central District of California a Notice

22  of Removal of Civil Action to Federal Court under 28 U.S.C. §§ 1332 and 1441 (a) and (b) (Diversity).

23  A conformed copy of the Notice of Removal is attached hereto as Exhibit "A."

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1   Pursuant to 28 U.S.C Section 1446(d), the filing of the Notice of Removal in the federal district

2   court, together with the filing of a copy of the Notice of Removal with this Court, effect the removal of

3   this action, and this Court may proceed no further unless and until the case is remanded.

4

5                                          Respectfully submitted,

6   Dated:  June 25, 2021                   JACKSON LEWIS P.C.

7

8

9   By:_____
                                            Katessa M. Charles
10                                          Kevin D. Finley

11                                          Attorneys for Defendant,
                                            LG ENERGY SOLUTION MICHIGAN, INC.
12   4813-8343-0894, v. 1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO SUPERIOR COURT OF REMOVAL OF ACTION TO FEDERAL COURT